UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4318 PA (PLAx) | Date | December 7, 2020 |
|---|---|---|---|
| Title | Directors Guild of America, Inc. v. Voltage Pictures, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Gabriela Garcia | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Determine Amount of Sanctions filed by petitioner Directors Guild of America ("DGA") (Docket No. 24). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for December 14, 2020, is vacated, and the matter taken off calendar.

The DGA commenced this action by filing its Petition for Order Compelling Arbitration pursuant to § 301(a) of the Labor-Management Relations Act ("LMRA"). See 29 U.S.C. § 185(a). On October 22, 2020, the Court granted the DGA's Motion to Compel Arbitration and ordered respondents Voltage Pictures, LLC and Voltage Productions, LLC (collectively "Voltage") to participate in an arbitration concerning DGA's grievance arising out of Voltage's refusal to participate in an audit concerning residual payments owed to the DGA under a series of collective bargaining agreements known as the "Directors Guild of America Basic Agreement" (the "Basic Agreement") between the DGA and various employers ("Producers").

In granting the DGA's Motion to Compel Arbitration, the Court explained that Voltage's arguments in opposition to its participation in an arbitration, which shifted from arguments Voltage asserted in pre-litigation correspondence between the parties, and raised different issues than those Voltage had relied on previously to oppose arbitration, might, at most, "have some relevance to a defense in an arbitration, and raise issues for the arbitrator to decide, but Voltage's arguments have no relevance to the issues of if there is an agreement to arbitrate and if the parties' dispute is subject to that agreement." The Court specifically found that the arbitration provisions contained in the Theatrical Guaranty Agreements signed by Voltage apply to the parties' dispute. Additionally, the arbitration agreements and audit provisions contained in the Basic Agreements and relevant side letters, which Voltage agreed to be bound by when it signed the Theatrical Guaranty Agreements and guaranteed certain film producers' "performance of all terms and obligations under the [Basic Agreement]," also apply to the parties' dispute and compel Voltage to arbitrate with the DGA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4318 PA (PLAx) | | Date | December 7, 2020 |
|---|---|---|---|---|
| Title | Directors Guild of America, Inc. v. Voltage Pictures, LLC, et al. | | | |

In its Motion to Compel Arbitration, the DGA also sought an award of the attorneys' fees it had incurred as a result of what it asserted was Voltage's bad faith and frivolous refusal to arbitrate. As the Ninth Circuit has explained:

> We believe that the policy concerns raised by frivolous or bad faith refusals to arbitrate or appeals of district court orders compelling arbitration are the same as those raised by frivolous or bad faith refusals to comply with an arbitration award. Accordingly, the award of fees is appropriate when a party frivolously or in bad faith refuses to submit a dispute to arbitration or appeals from an order compelling arbitration.

United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1383 (9th Cir. 1984); see also Int'l Union of Petroleum & Indus. Workers v. Western Indus. Maint., Inc., 707 F.2d 425, 428 (9th Cir. 1983) ("It is generally recognized that labor arbitration advances the goal of industrial stabilization. Engaging in frivolous dilatory tactics not only denies the individual prompt redress, it threatens the goal of industrial peace. Therefore, the deterrence aspect of an award of attorneys' fees is particularly served where a party, without justification, refuses to abide by an arbitrator's award.") (citation omitted).

The Court concluded that the frivolous arguments and dilatory tactics adopted by Voltage justify an award of attorneys' fees and directed the DGA to file a separate Motion to Determine Amount of Sanction. Voltage opposes the award of attorneys' fees as unwarranted based on its assertion that its opposition to the arbitration was not made in bad faith. However, the Court has already resolved that issue against Voltage, and Voltage's arguments to the contrary either repeat arguments the Court rejected or are arguments Voltage could have been made previously. In either event, Voltage's efforts to escape an award of attorneys' fees is unavailing because they fail to satisfy the requirements for reconsideration. See Local Rule 7-18 (providing that a motion for reconsideration may be made only on the grounds of: "(a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion."). Voltage's history of shifting and abandoned arguments to delay and escape its obligations to arbitrate the DGA's grievance clearly evinces bad faith. As the Court previously concluded, the DGA is therefore entitled to an award of attorneys' fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4318 PA (PLAx) | Date | December 7, 2020 |
|---|---|---|---|
| Title | Directors Guild of America, Inc. v. Voltage Pictures, LLC, et al. | | |

Voltage also objects to the requested fees as exorbitant and unreasonable. A reasonable attorneys' fee is determined in two steps. First, the Court must determine a reasonable "lodestar" fee by multiplying the number of hours reasonably expended by the prevailing party's attorneys on the litigation by a reasonable hourly rate. Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978; McElwaine v. US West, Inc., 176 F.3d 1167, 1173 (9th Cir. 1999). A reasonable hourly rate is "'calculated according to the prevailing market rates in the relevant community . . . .'" Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001) (quoting Blum v. Stenson, 465 U.S. 886, 895, 104 S. Ct. 1541, 1547, 79 L. Ed. 2d 891 (1984)). The burden is on the movant to produce evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. (quoting Blum, 465 U.S. at 895 n.11). The burden is on the party seeking fees to submit evidence supporting the hours worked and rates claimed. Van Gerwen v. Guar. Mut. Life. Co., 214 F.3d 1041, 1045 (9th Cir. 2000). The Court "should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Sorenson, 239 F.3d at 1146 (internal quotation marks and citation omitted).

Second, the Court determines if the lodestar should be adjusted to accurately reflect a reasonable fee by looking at the factors discussed in Kerr v. Screen Extras Guild, 526 F.2d 67, 70 (9th Cir. 1975). The twelve Kerr factors bearing on reasonableness are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Id. "There is a strong presumption that the lodestar figure represents a reasonable fee. 'Only in rare instances should the lodestar figure be adjusted on the basis of other considerations.'" Morales v. City of San Rafael, 96 F.3d 359, 363 n.8 (9th Cir. 1996) (quoting Harris v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4318 PA (PLAx) | Date | December 7, 2020 |
|---|---|---|---|
| Title | Directors Guild of America, Inc. v. Voltage Pictures, LLC, et al. | | |

Marhoefer, 24 F.3d 16, 18 (9th Cir. 1994)). "[T]he court need not discuss each factor. It is sufficient if the record shows that the court consider[s] the factors called into question by the case at hand and necessary to support the reasonableness of the fee award." Sapper v. Lenco Blade, Inc., 704 F.2d 1069, 1073 (9th Cir. 1983) (internal citations and quotation marks omitted). Furthermore, some of the Kerr factors are subsumed into the initial lodestar calculation while others are not. "Adjusting the lodestar on the basis of subsumed reasonableness factors after the lodestar has been calculated, instead of adjusting the reasonable hours or reasonable hourly rate at the first step . . . is a disfavored procedure." Morales, 96 F.3d at 364 n.9.

"A trial court has broad discretion to determine the reasonable amount of an attorney fee award, including whether to increase or decrease the lodestar figure." Jadwin v. Cnty. of Kern, 767 F. Supp. 2d 1069, 1141 n.80 (E.D. Cal. 2011); Ketchum v. Moses, 24 Cal. 4th 1122, 1138, 104 Cal. Rptr. 2d 377, 388 (2001). Although the court has broad discretion in determining attorneys' fee awards, it must provide "some indication or explanation as to how it arrived at the amount of fees awarded." Fair Hous. of Marin v. Combs, 285 F.3d 899, 907 (9th Cir. 2002).

In its Motion, the DGA sought $37,390.50 in attorneys fees, and submitted billing records and evidence supporting that amount. Specifically, according to the DGA, four attorneys worked on the matter, with attorneys Michael Feinberg and Henry Willis billing at a rate of $400.00 per hour, and attorneys Michael Plank and Octavio Velarde billing at a rate of $321 per hour. According to the declaration filed in support of the Motion to Determine Amount of Sanction, the DGA seeks an award of attorneys' fees for 67.75 hours worth of work performed by Mr. Feinberg, 1.25 hours of work performed by Mr. Willis, 27.50 hours of work performed by Mr. Plank, and 3 hours of work performed by Mr. Velarde. In support of the DGA's Reply, the DGA includes an additional 13.25 hours for Mr. Feinberg and 10 hours for work performed by Amy Cu at $400 per hour, for a total requested attorneys' fee award of $47,190.50. Mr. Feinberg states that in preparing the fee request, he exercised billing judgment and eliminated time for arguably unnecessary work.

Voltage does not challenge the reasonableness of the hourly rates sought by the DGA's counsel. Based on Voltage's failure to object to the reasonableness of the hourly rates, the DGA's evidence submitted in support of the requested rates, and the Court's familiarity with prevailing market rates in the Central District, the Court finds that the requested rates are within the range typically charged by lawyers of comparable skill and experience in the Central District for similar work, and will therefore use those rates in calculating the lodestar figure.

Although Voltage asserts that the DGA's counsel has spent too much time litigating this action, and that the requested attorneys' fees are inflated because more experienced attorneys

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4318 PA (PLAx) | Date | December 7, 2020 |
|---|---|---|---|
| Title | Directors Guild of America, Inc. v. Voltage Pictures, LLC, et al. | | |

charging higher rates performed tasks that could have been assigned to more junior and cheaper attorneys, Voltage has not identified any specific time entries that should be reduced as excessive. As the Ninth Circuit has observed, the process of awarding attorneys' fees to a prevailing party can often be a "tedious business." Moreno v. Sacramento, 534 F.3d 1106, 1116 (9th Cir. 2008). Therefore, "the burden of producing a sufficiently cogent explanation can mostly be placed on the shoulders of the losing parties, who not only have the incentive, but also the knowledge of the case to point out such things as excessive or duplicative billing practices. If opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut." Id.

The Court has reviewed the invoices submitted by the DGA's counsel. The Court exercises its discretion to reduce the requested attorneys' fees by 10 percent for general over-billing. See Moreno, 534 F.3d at 1112 ("Nevertheless, the district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation.") Otherwise, the Court concludes that the hourly rates and amount of time billed by the DGA's counsel in this action were reasonable. Accordingly, the Court awards attorneys' fees in the amount of $42,021.45 as a sanction for Voltage's bad faith refusal to arbitrate (calculated as 72.9 hours for Mr. Feinberg at $400.00 per hour, 1.125 hours for Mr. Willis at $400.00 per hour, 9 hours for Ms. Cu at $400.00 per hour, 24.75 hours for Mr. Plank at $321.00 per hour, and 2.7 hours for Mr. Velarde at $321.00 per hour). The Court concludes that this amount is a reasonable amount of attorneys' fees to have incurred in the successful prosecution of this action.

For all of the foregoing reasons, the Court grants the DGA's Motion to Determine Amount of Sanction. The Court awards $42,021.45 to the DGA as sanctions jointly and severally against respondents Voltage Pictures, LLC and Voltage Productions, LLC.

IT IS SO ORDERED.